UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br>　　　　　　　　　　　Plaintiff,<br>v.<br>JOHN DOE, subscriber assigned IP address 66.27.124.79,<br>　　　　　　　　　　　Defendant. | Case No. 18-cv-01352-MMA-JLB<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE**<br><br>**[ECF No. 5]** |

　　　Presently before the Court is Plaintiff's *Ex Parte* Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. (ECF No. 5.) No opposition was filed as no defendant has been named or served in this case. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## I. BACKGROUND

　　　Plaintiff alleges copyright infringement claims against a John Doe defendant. (ECF No. 1.) Plaintiff alleges that it is the copyright owner of motion pictures distributed through adult content websites *Blacked*, *Tushy*, *Blacked Raw*, and *Vixen*. (ECF No. 1 at ¶¶ 2–3, 32.) Plaintiff alleges that between December 19, 2017 and May 13, 2018, the person or entity assigned Internet Protocol ("IP") address 66.27.124.79 illegally copied, downloaded, and/or distributed Plaintiff's motion pictures through his, her, or its use of the online BitTorrent file distribution network. (ECF No. 1 at ¶¶ 24–30; ECF No. 1-2 at 1–4.) On

June 20, 2018, Plaintiff commenced the instant action by filing a Complaint against Defendant "John Doe, subscriber assigned IP address 66.27.124.79." (ECF No. 1.) The Complaint alleges a single claim of copyright infringement. (*Id.* at ¶¶ 35–40.)

Because Defendant used the Internet to commit the alleged infringement, Plaintiff knows Defendant only by his, her, or its IP address, which Plaintiff believes was assigned to Defendant by the Internet Service Provider ("ISP") Spectrum (Time Warner) Cable. (ECF No. 5-1 at 17.) In the present Motion, Plaintiff asserts that Time Warner is the owner of Defendant's IP address, and thus, a party with the information necessary to identify Defendant by correlating the IP address with Defendant's identity. (*Id.*) Accordingly, Plaintiff seeks leave to serve a Rule 45 subpoena on Time Warner to obtain the name and address associated with IP address 66.27.124.79. (*Id.*)

## II. LEGAL STANDARDS

Discovery is not permitted before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f) unless authorized by court order. Fed R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Requests to conduct discovery prior to a Rule 26(f) conference are granted upon a showing of good cause by the moving party, which may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins. Co.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

District courts in the Ninth Circuit apply a three-factor test for determining whether good cause exists to allow for expedited discovery to identify Doe defendants. *See Columbia Ins. Co.*, 185 F.R.D. at 578–80. "First, the plaintiff should identify the missing

party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the plaintiff "should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). Further, the plaintiff "should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580 (citing *Gillespie*, 629 F.2d at 642).

### III. DISCUSSION

Plaintiff seeks an order allowing it to serve a Rule 45 subpoena on Time Warner before the parties have conducted a Rule 26(f) Conference so that Plaintiff may obtain the true name and address of Defendant. (ECF No. 5-1 at 17.) For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

#### A. Identification of Missing Party with Sufficient Specificity

For the Court to grant Plaintiff's Motion, Plaintiff must first identify Defendant with enough specificity to enable the Court to determine Defendant is a real person or entity who would be subject to the jurisdiction of this Court. *See Columbia Ins. Co.*, 185 F.R.D. at 578. This Court has previously determined that "a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, No. 12-cv-00186 MMA (RBB), 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012) (citing *Openmind Solutions, Inc. v. Does 1–39*, No. C-11-3311 MEJ, 2011 WL 4715200, at *5–6 (N.D. Cal. Oct. 7, 2011); *Pink Lotus*

*Entm't, LLC v. Does 1–46*, No. C-11-02263 HRL, 2011 WL 2470986, at *6–7 (N.D. Cal. June 21, 2011)).

In cases where it is unclear whether the subject IP address is "dynamic" or "static," such as here, it matters when Plaintiff's geolocation efforts were performed.[1] In the context of dynamic IP addresses, "a person using [a particular IP] address one month may not have been the same person using it the next." *State v. Shields*, No. CR06352303, 2007 WL 1828875, at *6 (Conn. Sup. Ct. June 7, 2007). It is likely that the user of IP address 66.27.124.79 is a residential user and that the IP address assigned by Time Warner is dynamic.[2] Thus, if Plaintiff's geolocation efforts were performed close in time to the offending downloads, they may be probative of the physical location of the subject IP subscriber. If not, the geolocation of the subject IP address may be irrelevant.

Here, the instant Motion sufficiently demonstrates that Defendant is likely subject to the Court's jurisdiction. Plaintiff attaches to its Complaint a table reflecting that the user of IP address 66.27.124.79 engaged in allegedly infringing activity between December 19, 2017 and May 13, 2018. (ECF No. 1-2 at 1–4.) Plaintiff attaches to its Motion the declaration of Tobias Fieser, an employee of IPP International UG (IPP), a forensic investigation services company. (ECF No. 5-2.) Fieser declares that IPP connected to an electronic device using IP address 66.27.124.79, which was observed distributing multiple pieces of Strike 3 Holding's motion pictures. (*Id*. at ¶ 7.) Fieser also declares that, according to IPP's ancillary surveillance program, IP address 66.27.124.79 is associated with significant and long-term BitTorrent use. (*Id*. at ¶ 12.) Plaintiff further asserts that its independent forensic expert, Philip Pasquale, confirmed that Defendant's IP address

---

[1] "Static IP addresses are addresses which remain set for a specific user. Dynamic IP addresses are randomly assigned to internet users and change frequently. Consequently, for dynamic IP addresses, a single IP address may be re-assigned to many different computers in a short period of time." *Call of the Wild Movie, LLC v. Does*, 770 F. Supp. 2d 332, 356 (D.D.C. 2011) (citing *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 160 (D. Mass. 2008)).

[2] "Most consumer IP addresses are 'dynamic' as opposed to 'static.'" *Call of the Wild Movie*, 770 F. Supp. 2d at 356.

was involved in an infringing transaction on May 13, 2018. (ECF No. 5-1 at 6; ECF No. 5-2 at 15.) In addition, Plaintiff's asserts that the IP address 66.27.124.79 belongs to Time Warner and that Plaintiff employed Maxmind's geolocation technology to locate that IP address within the Southern District of California. (ECF No. 5-1 at 6, 12.) Strike 3 employee Emilie Kennedy declares that Defendant's IP address was traced to Del Mar, CA using the Maxmind Geolocation Database in early December 2017, on July 23, 2018, and again on August 8, 2018. (ECF No. 8-1 at 2.)

The Court concludes that based on the timing of the IP address tracing efforts employed by Plaintiff, the documented success of the Maxmind geolocation service, *see Criminal Prods., Inc. v. Doe-72.192.163.220*, No. 16-CV-2589 WQH (JLB), 2016 WL 6822186, at *3 (S.D. Cal. Nov. 18, 2016), and the continued tracing of the IP address to this district, Plaintiff has met its evidentiary burden of showing that IP address 66.27.124.79 likely relates to a physical address located in this district.

### B. Previous Attempts to Locate Defendant

For the Court to grant Plaintiff's Motion, Plaintiff must next identify all of the steps it took to locate Defendant to ensure the Court it made a good faith effort to identify and serve process on Defendant. *See Columbia Ins. Co.*, 185 F.R.D. at 579. The Court concludes that Plaintiff has met this burden. Plaintiff retained a forensic investigation services company, IPP, to monitor the BitTorrent file distribution network for the presence of Plaintiff's copyrighted works and to identify the IP addresses of devices that are found distributing Plaintiff's copyrighted works. (ECF No. 5-2 at 11–12.) Through IPP, Plaintiff has been able to identify much about the subscriber of IP address 66.27.124.79, such as his, her, or its ISP and the software used to commit the allegedly infringing acts. (*Id.* at 11–12, 15.) Plaintiff asserts that Defendant's ISP is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address 66.27.124.79 during the time of the alleged infringement. (*Id.* at 15.) Based on the above, the Court is satisfied that Plaintiff has made a good faith effort to locate Defendant and that Plaintiff cannot, on its own, locate Defendant with any greater specificity than it already

5

18-cv-01352-MMA-JLB

1 has. Accordingly, the Court finds Plaintiff has sufficiently satisfied the second prong of the "good cause" test.

### C. Whether Plaintiff's Suit Can Withstand a Motion to Dismiss

For the Court to grant Plaintiff's Motion, Plaintiff must next show that its suit against Defendant could withstand a motion to dismiss. *Columbia Ins. Co.*, 185 F.R.D. at 579 (citing *Gillespie*, 629 F.2d at 642). The Court finds Plaintiff has met this burden.

Plaintiff's Complaint alleges a single cause of action against Defendant: copyright infringement. (ECF No. 1 at ¶¶ 35–40.) To prove a claim of direct copyright infringement, a plaintiff "must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a) (2003)). "In addition, direct infringement requires the plaintiff to show causation (also referred to as 'volitional conduct') by the defendant." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (citing *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2013)). Here, Plaintiff purports to be the owner of the thirty-seven copyrighted works at issue, and asserts that every work has been registered with the United States Copyright Office or has a pending copyright registration application. (ECF No. 1 at ¶¶ 2, 32, 33; ECF No. 5-1 at 16.) Plaintiff alleges that "Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures." (ECF No. 1 at ¶ 24.) IPP declares that it observed the device using IP address 66.27.124.79 distributing multiple pieces of Strike 3 Holding's motion pictures, and when assembled, the distributed pieces constitute a fully playable digital movie. (ECF No. 5-2 at 12.) Plaintiff has verified that each digital file is a copy of Strike 3's motion pictures. (*Id*. at 19–20.) IPP also declares that this IP address is associated with significant and long-term BitTorrent use. (*Id*. at 12.) Lastly, Plaintiff alleges that "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." (ECF No. 1 at ¶ 38.) Accordingly, the Court finds Plaintiff has alleged the *prima facie* elements of direct copyright infringement and its suit against Defendant would

likely withstand a motion to dismiss.

### D. Specific Discovery Request

Finally, for the Court to grant Plaintiff's Motion, Plaintiff "should file a request for discovery with the Court." *Columbia Ins. Co.*, 185 F.R.D. at 580 (citing *Gillespie*, 629 F.2d at 642). Although Plaintiff did not provide the Court with a proposed subpoena, Plaintiff has provided the Court with sufficient information regarding its requested discovery by stating in its Motion that it will seek from Time Warner only the name and address of the subscriber of IP address 66.27.124.79. (ECF No. 5-1 at 17.)

### E. Additional Considerations

This Court shares the concern noted by other courts in this district of "'unscrupulous tactics [being] used by certain plaintiffs, especially in the adult film industry, to shake down the owners of IP addresses' to exact quick and quiet settlements from possibly innocent defendants who pay out only to avoid potential embarrassment." *Strike 3 Holdings, LLC v. John Doe*, No. 17-cv-2312-MMA-NLS (S.D. Cal. Dec. 7, 2017) (citing *Malibu Media, LLC v. Does 1-5*, 2012 U.S. Dist. LEXIS 77469, *1 (S.D.N.Y. June 1, 2012)). Accordingly, the Court issues an order establishing procedural safeguards to protect the privacy of Defendant. *See e.g., Malibu Media v. Doe,* 2014 U.S. Dist. Lexis 79595, *5 (M.D. Fla. Apr. 10, 2014) (imposing conditions and citing cases that do the same); *see also Malibu Media, LLC v. Doe*, 2016 U.S. Dist. LEXIS 35534, *17 (E.D. Cal. Mar. 18, 2016).

## III. CONCLUSION

For the reasons set forth above, the Court finds good cause to allow Plaintiff to serve a Rule 45 subpoena upon Time Warner at this time. Accordingly, Plaintiff's Motion is **GRANTED** as follows:

1. Plaintiff may serve on Time Warner a subpoena, pursuant to and compliant with the procedures of Federal Rule of Civil Procedure 45, seeking only the **name and address** of the subscriber assigned IP address 66.27.124.79 for the relevant time period of the alleged infringement. Plaintiff shall not seek from Time Warner any other personally identifiable information about the subscriber;

7

2. Plaintiff's subpoena to Time Warner must provide a minimum of forty-five (45) calendar days' notice before any production responsive to the subpoena shall be made to Plaintiff;

3. At the time Plaintiff serves its subpoena on Time Warner, Plaintiff shall also serve on Time Warner a copy of this Order;

4. Within fourteen (14) calendar days after service of the subpoena, Time Warner shall notify the subscriber assigned IP address 66.27.124.79 that his, her, or its identity has been subpoenaed by Plaintiff **and** shall provide the subscriber a copy of this Order with the required notice;

5. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge Time Warner' disclosure of his, her, or its name and address by filing an appropriate pleading with this Court contesting the subpoena;

6. If Time Warner seeks to modify or quash the subpoena, it shall do so as provided by Federal Rule of Civil Procedure 45(d)(3);

7. In the event a motion to quash, modify, or otherwise challenge the subpoena is brought properly before the Court, Time Warner shall preserve the information sought by the subpoena pending the resolution of any such motion; and

8. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on Time Warner for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint. If the Defendant wishes to proceed anonymously, Plaintiff may not release any identifying information without a court order allowing the release of the information.

**IT IS SO ORDERED.**

Dated: August 10, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge

8

18-cv-01352-MMA-JLB